UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO. 15-154

CURTIS NEVILLE                                  SECTION A (3)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1528)** filed by federal prisoner Curtis Neville.

**I.**

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count Indictment against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a 47 count Superseding Indictment against Defendants. (Rec. Doc. 361).

Trial commenced on January 9, 2017, and the presentation of evidence lasted about six weeks. Jackson, Knockum, and McCaskill testified as cooperating witnesses. The jury began its deliberations on February 14, 2017. On February 21, 2017, the jury returned its verdict finding each of the defendants guilty as to certain counts; many were acquitted as to other counts.

The jury convicted Neville on thirteen counts, several of which involved murder and assault. Neville was found guilty of the Count 1 RICO conspiracy, the Count 2 drug

conspiracy, the Count 3 firearms conspiracy, and the murder of Littlejohn Haynes with a firearm. Neville was also found guilty of assault with a dangerous weapon in aid of racketeering as to Albert Hardy, Kelvin Baham, and Carrie Henry, as well as other drug and gun charges. (Rec. Doc. 1010, Neville Verdict Form).

Neville moved for judgment of acquittal and/or new trial (Rec. Docs. 1037 1038 & 1039) contending that the jury's verdict as to him was irrational and inconsistent with the jury's acquittal of other codefendants who the cooperators also implicated in the murder of Littlejohn Haynes; as to the Count 2 and Count 3 conspiracies that the evidence presented at trial was insufficient to establish that Neville was part of a drug or gun conspiracy (including the contention that the evidence at trial was insufficient to prove the drug quantities attributed to him); and that the Court erred in not severing his case for trial.

After Neville and the other defendants had been convicted and had filed their motions for acquittal and/or new trial, a letter surfaced that Washington McCaskill had written to Orleans Parish Assistant District Attorney Alex Calenda, in which McCaskill characterized "our Federal Case" as "all made up lies." All of the defendants, including Neville, moved for an evidentiary hearing (Rec. Doc. 1138) based on the letter. Ultimately, the motions for judgment of acquittal and new trial filed by Neville were denied with extensive reasons provided. (Rec. Doc. 1163, Order and Reasons).

Neville appealed and on appeal the Fifth Circuit affirmed Neville's judgment except for several convictions involving § 924.[1] *See United States v. Perry*, 35 F.4th

---

[1] 18 U.S.C. § 924(c) provides heightened terms of imprisonment when a firearm is used during and in relation to or in furtherance of a crime of violence or drug trafficking crime. In *United States v. McClaren*, 13 F.4th 386, 412–14 (5th Cir. 2021), which was decided while Neville's case was on appeal, the Fifth Circuit held that aggravated RICO

293, 341–42, 353 (5th Cir. 2022). The appellate court remanded for further proceedings. *Id.* at 353. The Supreme Court denied Neville's petition for a writ of certiorari. *Neville v. United States*, 143 S. Ct. 603 (Jan. 9, 2023); *see also* Rec. Doc. 1500 (Letter from Supreme Court of the United States).

On remand, this Court amended Neville's judgment to conform with the Fifth Circuit's decision. (Rec. Doc. 1502). The Court vacated the sentences that it had imposed for the counts vacated by the Fifth Circuit but noted, "CURTIS NEVILLE's sentence of life remains unchanged[.]" (Rec. Doc. 1502 at 2).

**II.**

Neville asserts four grounds for relief in his § 2255 motion, which the Government acknowledges is timely.[2] (Rec. Doc. 1567, Opposition at 3). All of the claims rely on allegations of ineffective assistance of counsel.

---

conspiracies could not constitute crimes of violence for purposes of 18 U.S.C. § 924(c). Because the jury could have convicted Neville on the § 924 counts by relying on the aggravated RICO conspiracy predicate, the Fifth Circuit vacated the convictions on those counts only and remanded for further proceedings. *See Perry*, 35 F.4th at 342 (citing *United States v. Jones*, 935 F.3d 266, 272–74 (5th Cir. 2019)).

The Fifth Circuit did not vacate Neville's separate Count 44 § 924 conviction because it was not predicated on the RICO conspiracy, *Perry*, 35 F.4th at 342, but the Fifth Circuit did vacate Neville's 300-month sentence for Count 44 "as it stands," *id.* at 353, because it could no longer be considered consecutive to the other § 924 charges once they were vacated, *id.* at 642 n.39.

[2] Section 2255 of Title 28 allows a prisoner in custody pursuant to a federal sentence to move the court that imposed the sentence to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A one-year period of limitation applies to such a motion, and that one-year limitation period runs from the latest of 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the

Ground One is that Neville received ineffective assistance of counsel at trial because in January 2023 he began requesting documents from his former attorney who did not comply.[3] Ground Two is that Neville received ineffective assistance of counsel at trial because his attorney did not properly explore all of the discovery produced in the case.[4] Ground Three is that Neville received ineffective assistance of counsel at trial because his attorney did not investigate the events leading up to his arrest so as to secure his pretrial release once he was indicted. Ground Four is that Neville received ineffective assistance of counsel at trial because even though the Court exhibited bias and unprofessional opinions about him at the sentencing hearing, his attorney did not offer any contrary evidence.[5]

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both

---

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[3] Neville was represented at trial by Michael Raspanti and the Raspanti Law Firm.

[4] The Government suggests that this ground may be a request for discovery. To the extent that Neville is requesting discovery, that request is denied. Neville identifies no factual dispute that implicates the need for discovery and no good cause for discovery has been shown as required by Rule 6 of the Rules Governing § 2255 Proceedings in the federal district courts of the United States.

[5] In his reply to the Government's opposition, Neville raises an additional argument that the Court lacked subject matter jurisdiction over his prosecution. This contention has no legal merit whatsoever.

prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Rice*, 2015 WL 4911667, at 3 (citing *Strickland*, 466 U.S. at 697). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Id.* (citing *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001)); *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (citing *Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004)).

**III.**

Neville's Ground One for relief, which pertains to alleged failures of his former trial counsel beginning in 2023, is not cognizable under § 2255 because it does not pertain to the validity of Neville's conviction or sentence.

Neville's Ground Two, which is that his attorney did not properly explore all of the discovery produced in the case, is conclusory and without any support. Neville does not identify exactly what his trial attorney failed to investigate, and had he done so, how that would establish a reasonable probability of a different trial outcome.[6]

Neville's Ground Three, which pertains to alleged failures of his former trial counsel to secure Neville's pretrial release, is not cognizable under § 2255 because it does not pertain to the validity of Neville's conviction or sentence.

Neville's Ground Four, which pertains to alleged failures of his counsel at the sentencing hearing, is conclusory, undeveloped, and unsupported. Given the evidence admitted at trial, and the jury's verdict, it is unclear exactly what Neville contends that his attorney should have done at the sentencing hearing that would have resulted in the Court imposing a lower sentence. And while the Court denies any bias against Neville (Neville never explains exactly how the Court was biased against him except that he

---

[6] The Government notes that Neville vaguely relies upon an argument that the Government made at the appellate level in defense to a *Bruton v. United States*, 391 U.S. 123 (1968), challenge pertaining to the disclosure of Neville's address through Evans Lewis's factual basis, which was provided to the jury. The Government's argument does not suggest innocence on Neville's part for any of the crimes for which he was convicted.

Neville's Ground Two narrative also includes a complaint that his trial attorney failed to keep abreast of changes in the law, perhaps a reference to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which was a Second Amendment case. Neville does not explain how *Bruen* would have been favorable to him and the Court can glean no benefit to Neville from the decision. Neville's trial counsel did not render deficient performance by failing to anticipate years-later changes in the law much less those that would have no favorable impact on Neville's case.

obviously disagrees with the Court's sentencing decision), Neville fails to show a reasonable probability that his sentence would have been lower had his attorney responded to the Court's allegedly biased statements.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1528)** filed by federal prisoner Curtis Neville is **DENIED**.

January 27, 2025

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE